FILED BY _____ D.C.

05 AUG -3 PM 5: 16

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AMERICAN NATIONAL MORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 99-3061-D |
| ) | |
| WILLIAM N. GRIFFIN, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER CONTINUING DEFENDANT SECURITY TITLE COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT (Dkt. #204)

Before the Court is the motion for summary judgment of Security Title Company, Inc. ("Security Title" or "Defendant"). For the reasons stated below, the Court **CONTINUES** Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56(f).

Security Title filed a motion for summary judgment on March 28, 2005. The discovery deadline in this case is December 15, 2005. American National Mortgage's ("Plaintiff") response to Security Title's motion for summary judgment states that further discovery would substantiate Plaintiff's claim against Security Title and raise a genuine issue of material fact as to whether Defendant conspired in the alleged "property-flipping" scheme. Specifically, Plaintiff asserts that further discovery is required pertaining to the nature of Security Title's relationship with other defendants; the timing and extent of Security Title's knowledge of the alleged property-flipping scheme; and Security Title's role in the transactions underlying Plaintiff's claim. Plaintiff contends

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on __8-8-05__

1



that the discovery it seeks on these issues can be conducted before the December 15, 2005 discovery deadline.

A Court, in its discretion, may deny or continue a motion for summary judgment due to lack of discovery pursuant to Fed. R. Civ. P. 56(f), which provides in pertinent part that:

> [s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Although it is within the sound discretion of a district court to regulate discovery practice, summary judgment should not ordinarily be granted before discovery has been completed. Tarleton v. Meharry Medical College, 717 F.2d 1523, 1535 (6th Cir. 1983) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2006, at 35 (1970) and Alabama Farm Bureau Mutual Casualty Co., Inc. v. American Fidelity Life Insurance Co., 606 F.2d 602, 609 (5th Cir.), cert. denied, 449 U.S. 820 (1980)); see also Vance v. United States, 90 F.3d 1145, 1148 (6th Cir.1996) ("summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery"). The non-movant bears the obligation to inform the court of its need for discovery. Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc., 280 F.3d 619, 627 (6th Cir. 2002). A party that cannot present facts in opposition to a motion for summary judgment due to lack of discovery must file an affidavit to that effect. Id.; see also Shavrnoch v. Clark Oil and Refining Corp., 726 F.2d 291, 294 (6th Cir. 1984) (district court did not abuse its discretion by granting defendant's summary judgment motion prior to completion of plaintiff's discovery, where plaintiff did not allege that documents sought in further discovery contained information that would have

2

created genuine issue of material fact, and never filed affidavit to stay consideration of summary judgment motion.)

Plaintiff's response to Defendant's motion for summary judgment is well taken. Plaintiff has submitted the Affidavit of Bruce S. Kramer, Plaintiff's lead counsel, which effectively provides that Plaintiff's inability to respond to Defendant's summary judgment motion is predicated on its lack of opportunity to conduct further discovery in this matter. Furthermore, Plaintiff has specifically indicated to the Court the areas on which discovery will be focused. Accordingly, the Court **CONTINUES** Security Title's motion for summary judgement to afford Plaintiff an opportunity to conduct further discovery, which shall be completed no later than December 15, 2005.

**IT IS SO ORDERED** this _3rd_ day of August, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 218 in case 2:99-CV-03061 was distributed by fax, mail, or direct printing on August 8, 2005 to the parties listed.

---

Carroll L. Andre
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Richard M. Carter
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

William T. Clabault
UNITED STATES DEPARTMENT OF JUSTICE
1400 New York Ave., N.W.
Ste. 4000
Washington, DC 20005

Shea Sisk Wellford
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Marcus D. Ward
THE WHARTON FIRM
147 Jefferson Avenue
Ste. 1205
Memphis, TN 38103

Dale H. Tuttle
GLASSMAN JETER EDWARD & WADE
26 N. Second Street
Memphis, TN 38103

Michael G. McLaren
BLACK MCLAREN JONES & RYLAND
530 Oak Court Dr.
Ste. 310
Memphis, TN 38117

W. Emmett Marston
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Howard Brett Manis
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Bruce S. Kramer
BOROD & KRAMER
80 Monroe Ave.
Ste. G-1
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Tim Edwards
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT